# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARNETT DuBOSE,

       Plaintiff,

                                         CASE NO. 07-CV-13128

-vs-

                                         PAUL D. BORMAN

WARREN EVANS,                         UNITED STATES DISTRICT JUDGE

       Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION IN FAVOR OF SUMMARY JUDGMENT AND DISMISSING THE ACTION

Before the Court is Plaintiff Garnett DuBose's Objections to Magistrate Judge Charles Binder's April 9, 2008 Report and Recommendation in favor of granting Defendant Warren Evan's Motion for Summary Judgment and dismissing the action. (Dkt. No. 33). The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

### A. Procedural History

The Court finds the Magistrate Judge has accurately and succinctly set forth the complicated background of this action and therefore the Court shall adopt by reference those portions of the Report and Recommendation here. (*See* Report Dkt. No. 29, 2-4).

### B. Factual History

Plaintiff filed the instant action on July 26, 2007 alleging that his due process rights were violated when Defendant Wayne County Sheriff Warren Evans failed to "bring or arrange a [sic] extradition hearing in a timely manner." (Compl. at 3). Plaintiff seeks treble damages as well as

appointment of counsel for his requested extradition hearing. (*Id*.).

Plaintiff is currently incarcerated in the Lieber Correctional Institution in Ridgeville, South Carolina. However, Plaintiff was incarcerated at the Wayne County Jail at the time he filed the instant action.

On December 17, 2007, Magistrate Judge Binder issued a Report and Recommendation recommending the Court grant summary judgment in favor of Defendant and dismiss Plaintiff's claim with prejudice. Magistrate Judge Binder relied on six alternative grounds in finding that Plaintiff's complaint should be dismissed:

> (1) Plaintiff failed to allege a claim of procedural due process;
>
> (2) even if he had established state procedures violated his rights, Plaintiff's claim fails for the reason that the Sixth Circuit does not allow § 1983 claims when officers fail to comply with extradition procedures established by the Uniform Criminal Extradition Act ("UCEA") especially when a plaintiff is no longer in custody in the "asylum state" (*see Barton v. Norrod*, 106 F.3d 1289, 1295, 1298 (6th Cir. 1997));
>
> (3) even if a cause of action could exist, Plaintiff's claim fails because Plaintiff was only incarcerated three days beyond his misdemeanor sentence which is within the statutory limit of incarceration pending requisition of 30 days (or up to 90 with extensions) (*see* Mich. Comp. Laws §§ 750.14, 750.18);
>
> (4) Plaintiff's claim fails because no extradition laws were broken where Defendant filed an affidavit that all the requirements set forth in Mich. Comp. Laws § 750.25a were followed;
>
> (5) Plaintiff's claim fails even if there was a violation of § 750.25a for the reason that where a plaintiff has executed a waiver of extradition rights, a plaintiff cannot later base a § 1983 claim on a violation of those procedures; and
>
> (6) Plaintiff's claim fails because a § 1983 claim cannot be based on allegations of *respondeat superior*.

(Dkt. No. 20 at 6-14).

**II.    ANALYSIS**

## A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

## B. Objections

Plaintiff lists seven different objections to the Magistrate Judge's Report and Recommendation.[1]

Plaintiff first contends, in objections numbered one through four, that the Magistrate Judge erred in his recitation of the facts and in doing so omitted material facts which would have resulted in a denial of the summary judgment motion.

---

[1] The Court also notes that Plaintiff appears to object to the fact the Magistrate Judge issued his Report and Recommendation before addressing his motion to stay summary judgment until discovery was completed. (Dkt. No. 26). The Court finds for the reasons discussed *supra*, the Magistrate Judge was not in error, nor could Plaintiff withstand summary judgment if afforded more time for discovery as his claims fail based on legal bases rather than merely factual deficiencies.

3

1. Factual Objections

The Court finds that these objections are without merit. The facts Plaintiff asserts are omitted or misstated are not material to the issues before the Court. The Court finds that the material facts were stated by the Magistrate Judge and summarized again by this Court. Further, after review, the Court finds Plaintiff's proposed changes to the recitation of the factual record would not change the outcome of this action for the reason none of the asserted facts impact the Magistrate Judge's legal analysis on the six alternative reasons for summary judgment.

2. Due Process Objections

Plaintiff next argues, in objection number five, the Magistrate Judge erred in finding that Plaintiff failed to state a claim of procedural due process. Plaintiff contends that because the Wayne County Jail refused him "state remedies," he has set forth a viable claim.

As the Magistrate Judge accurately set forth in his opinion, in order to prevail on a procedural due process claim, a plaintiff must: (1) show that he is deprived of liberty or property as a result of established state procedure that itself violates due process rights; or (2) prove that the defendant deprived him of liberty or property pursuant to a random and unauthorized act and that the available state remedies would not adequately compensate for the loss. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).

Plaintiff admits in his Objections that "I cannot claim because of established state procedure that my due process rights were violated" However, Plaintiff contends he can meet the second requisite for procedural due process claim because the Wayne County Jail refused him state remedies. Specifically, Plaintiff argues that his History of Inmate Report ("Report") was doctored by someone at Wayne County Jail. (*See* Def. Mot., Ex. D, Report). Plaintiff compares the Report

4

to the "Judgment of Sentence Commitment to Jail" ("Judgment") document attached to his Objections.

Plaintiff appears to contend that someone changed his sentence from 70 to 93 days. (Plf. Br. at 15, "Someone change 70 to 93 or some [sic] created this entry."). Plaintiff also argues that "Defendant's counsel attempted to obscure the fact plaintiff was serving a sentence . . . ." (*Id*. at 16). However, both documents show that Plaintiff was sentenced to 93 days, with 23 days credited for time served. Further, Plaintiff previously stated that he plead no contest and was sentenced to 93 days with credit for 23 days served. (Plf. Resp. at 7). Therefore, it does not appear that person retroactively sentenced Plaintiff or created these documents, nor does it appear that Plaintiff's sentence was obscured or hidden in these documents.

Also the Report accurately states that Plaintiff served 3 months, 6 days, 20 hours and 38 minutes, which accounts from his time in prison from June 20, 2007 until September 26, 2007. (Report at 3). To the extent that Plaintiff asserts the last entry was added later it appears that it was entered on July 5, 2007, the day Plaintiff was sentenced. Therefore, the Court finds Plaintiff's Objection without merit and also finds that he cannot sustain nor has he actually asserted that Defendant deprived him of liberty pursuant to an unauthorized act and that the available state remedies would not adequately compensate for the loss.

In Plaintiff's sixth objection, Plaintiff argues for the first time that he did not knowingly or voluntarily sign a waiver of extradition and that because the state court judge failed to sign his Order of Probation, the waiver is invalid. Plaintiff also appears to argue that because South Carolina failed to diligently enforce its extradition rights, it waived its right to do so.

The Court finds that given the six alternative grounds upon which the Magistrate Judge based

5

his recommendation, Plaintiff's claim that his waiver of extradition is void does not change the outcome of the present action. Plaintiff's argument does not cure the multiple legal flaws set forth in the Report and Recommendation which cause his claim to fail, i.e., that Plaintiff failed to allege a claim of procedural due process; his claim is not recognizable under § 1983 where he is no longer in the asylum state; and where his claim is improperly based upon respondeat superior.

For these reasons, the Court need not address Plaintiff's contention that his waiver was defective.

3. Vicarious Liability

Plaintiff's final objection is to the Magistrate Judge's finding that Plaintiff fails to state a claim for the reason that a claim pursuant to § 1983 cannot be based on allegations of *respondeat superior*. Plaintiff contends that "an official capacity suit does not require a showing of supervisory liability." (Plf. Mot. at 28).

Plaintiff's argument is without merit. Plaintiff brought his claim against Defendant Warren Evans in his official capacity and stated in his previous briefing that he is "in agreement that the defendant Warren C. Evans has no personal knowledge . . . ." (Plf. Resp. at 16). It is well settled law that a person cannot be held liable pursuant to § 1983 without evidencing that the person personally participated in, approved or knowingly acquiesced in, the alleged unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Id*. (internal citation omitted).

As Plaintiff has failed to allege that Defendant Warren C. Evans had knowledge of the underlying facts or participated in any way, the Court denies Plaintiff's objection on this issue.

6

## III. CONCLUSION

For these reasons, the Court:

(1) **DENIES** Plaintiff's Objections (Dkt. No. 33) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 29);

(2) **DENIES AS MOOT** Plaintiff's Motions for Relief in the Nature of Habeas Corpus for Relief (Dkt. Nos. 34 & 35); and

(3) **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**


                    s/Paul D. Borman
                    PAUL D. BORMAN
                    UNITED STATES DISTRICT JUDGE

Dated: July 3, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 3, 2008.

                    s/Denise Goodine
                    Case Manager